**In the Matter of the Petition of INTER-CITY GAS CORPORATION for Authority to Change Its Schedule of Rates for Gas Service in Minnesota.**

No. C9-86-477.

Court of Appeals of Minnesota.

July 29, 1986.

Samuel L. Hanson, Briggs & Morgan, Minneapolis, for Inter-City Gas Corp.

James P. Larson, Wurst, Pearson, Hamilton, Larson & Underwood, Minneapolis, for Conwed Corp.

Hubert H. Humphrey, III, Atty. Gen., Karl W. Sonneman, Thomas M. O'Hern, Jr., Sp. Asst. Attys. Gen., St. Paul, for Dept. of Public Service.

Heard, considered and decided by RANDALL, P.J., and LANSING and HUSPENI, Judge.

## MEMORANDUM OPINION

LANSING, Judge.

On November 6, 1984, Inter-City Gas Corp. filed a petition for a rate increase with the Minnesota Public Utilities Commission (MPUC). The MPUC accepted the filing and suspended rates, and on December 20, 1984, issued an order allowing an interim rate increase. The MPUC ultimately allowed a lower final rate and ordered the company to submit a plan to refund the excess interim revenues. On January 27, 1986, the MPUC approved a refund plan. Conwed Corp. filed a petition for rehearing, objecting to the refund plan. Conwed appeals from the commission's order denying its petition. We affirm.

## FACTS

Inter-City provides natural gas service to customers in northern Minnesota. In 1984 it filed a petition with the Public Utilities Commission requesting a rate increase of $1,874,600. At that time the company had three classes of customers: general service, interruptible, and large volume.

The MPUC approved an interim rate increase of $1,616,600. Because rate design changes are prohibited in setting interim rates, *see* Minn.Stat. § 216B.16, subd. 3 (1984), the commission had adopted a policy requiring interim increases to be made pro rata to all customers so that the final rates are prospective only. The interim increase was therefore recovered through an equal percentage increase in the non-gas margins of existing rates for each customer class.

Based on a contested case hearing and stipulations of fact, the MPUC approved a final rate increase of $1,017,700. The final rate incorporated a change in rate design, based on a class cost-of-service study, that created a large general-service class and slightly reduced the commodity rate for the large-volume class. The purpose of the reduction was to make the rate more accu-

rately reflect the cost of service and to make natural gas more competitive with alternative fuels for large-volume customers. The commission declined to reduce the large-volume rates any further because of the "adverse impact upon other ratepayers."

Because the final rate increase was less than the interim rate increase, the MPUC ordered the company to submit a refund plan. The refund plan approved by order of January 27, 1986, allocated the refunds in the same proportion as the interim increase was paid by the customers. Under this plan the general service class receives a refund of $402,971; the interruptible class receives a refund of $21,674; and the large-volume class receives a refund of $17,693.

Conwed Corp., a large-volume customer, objected to the refund plan, contending that because the final rate for large-volume customers was reduced, the refund should be the difference between the interim rate and the final rate for each class. It contends that the refund plan approved by the commission violates Minn.Stat. § 216B.03 (1984), which requires every rate, including interim rates, to be just and reasonable.

The MPUC denied Conwed's request for reconsideration on the basis that the effect of Conwed's plan is to make the final rate retroactive to the interim period. In addition, the commission pointed out that Conwed's plan would refund to the large-volume and interruptible classes nearly double the actual increase paid, and would shift the entire burden of the interim increase to the general service class. This result, the commission said, would violate the statutory prohibition against rate design changes in interim rates. Conwed appeals.

## ANALYSIS

In *In re Application of Peoples Natural Gas Co.*, 389 N.W.2d 903 (Minn.1986), the supreme court held:

> [T]he only way the present statutory plan of utility rate regulation can be carried out consistently is to allocate interim rate increases among the consumer classes in accordance with the existing rate design, * * * and to distribute any refunds due because revenues collectible under interim rates exceeded the revenues authorized in the final determination, in the same proportions as the interim rate increase was allocated.

*Id.* at 908. *See also In re Petition of Inter-City Gas Corp.*, 389 N.W.2d 897 (Minn.1986) ("That interim rates were higher than the final rates does not mean that the interim rates are either unjust or unreasonable"). The refund procedure used in this case is identical to that used in *Peoples Natural Gas Co.*, and that case controls the result we reach here. The refund plan adopted by the commission does not create unjust or unreasonable interim rates.

## DECISION

Affirmed.